**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **WYATT ET AL** | **CASE NO.  2:25-CV-00049** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PROGRESSIVE DIRECT INSURANCE CO ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

Before the court are the following motions: a Motion for Leave to File a First Amended and Supplemental Complaint [doc. 14]; an Amended Motion for Leave to File a First Amended and Supplemental Complaint [doc. 21]; and a Second Amended Motion for Leave to File a First Amended and Supplemental Complaint [doc. 22] (collectively, the "Motions").  The motions have been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

For the reasons that follow, it is **RECOMMENDED** that the Motions [docs. 14, 21, 22] be **DENIED** without prejudice.

### DISCUSSION

The court deferred ruling on the Motion for Leave to File a First Amended and Supplemental Complaint [doc. 14] and ordered amendment because the proposed pleading did not comply with Local Civil Rule 7.5, which requires that "the proposed pleading must allege the citizenship of any new party."  Doc. 15.  Plaintiffs filed an Amended Motion for Leave to File a First Amended and Supplemental Complaint (the "Amended Motion"). Doc. 16.  The court again deferred ruling, finding the citizenship allegations inadequate, specifically noting that:

1

> The amended proposed pleading alleges that the new parties are a "foreign insurer" and "foreign corporation." Doc. 16, att. 1, ¶1. This is inadequate to allege the citizenship of the new parties, even when viewed alongside the information in the accompanying motion indicating the principal place of business of each new party. Doc. 16, p. 1, ¶1.

Doc . 17.  In response, Plaintiffs filed a First Amended Complaint for Damages and Request for Trial by Jury that again identified the new defendants as a "foreign corporation with its principal place of business in New Hampshire" and a "foreign corporation with its principal place of business in Michigan."  Doc. 19, p. 1.  This proposed amended pleading was followed by an Amended Motion for Leave to File a First Amended and Supplemental Complaint [doc. 21], and a  Second Amended Motion for Leave to File a First Amended and Supplemental Complaint,  both of which attach proposed pleadings with the same language identifying the principal place of business of each new defendant and identifying each as a "foreign corporation" [doc. 21, att. ; doc. 22, att. 1].

"The citizenship of the parties must be 'distinctly and affirmatively alleged,' which means alleged in the complaint."  *Seguin v. Remington Arms Co., L.L.C.*, 22 F.4th 492, 495 (5th Cir. 2022) (quoting *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)). The proposed amended pleadings allege that the new parties are "foreign" corporations with their principal places of business in New Hampshire and Michigan.  For diversity purposes, a corporation is a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181 (2010).  The citizenship allegations here are inadequate because they do not identify the state of incorporation of either new defendant.  *See, e.g., Ramey v. Cantrell Mach. Co.*, No. CIV.A. 07-1286, 2007 WL 2582197, at *1 (W.D. La. Sept. 6, 2007) (allegation that defendants "appear to be foreign corporations organized under the laws of states other than Louisiana" is "not sufficient to establish

diversity of citizenship"); *Hamilton v. Belle of Baton Rouge Casino & Hotel*, No. CV 20-226-SDD-SDJ, 2020 WL 8672071, at *1 (M.D. La. Nov. 2, 2020) (both state of incorporation and principal place of business must be alleged for corporations); *Griffin v. ABN AMRO Mortg. Grp., Inc.*, No. 3:14-CV-00022-GHD, 2014 WL 4199202, at *4 (N.D. Miss. Aug. 22, 2014) (remanding case because of inadequate citizenship allegations as to "foreign" corporations).

Plaintiffs have been afforded ample opportunity to properly allege the citizenship of the new defendants and have not done so. Accordingly, it is **HEREBY RECOMMENDED** that each of the Motions [docs. 14, 21, 22] be **DENIED** without prejudice because the proposed amended pleadings do not comply with the requirement of Local Rule 7.5 that "the proposed pleading must allege the citizenship of any new party."

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), any party aggrieved by this Report and Recommendation has 14 days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation 14 days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Lake Charles, Louisiana, this 12th day of June, 2026.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**